# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3173

_____

| | | |
|---|---|---|
| Robert M. James, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| U.S. Parole Commission, | * | **[UNPUBLISHED]** |
| | * | |
| Appellee. | * | |

_____

Submitted: April 5, 2002
Filed: April 8, 2002

_____

Before LOKEN, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

Robert James, a federal inmate confined at the Federal Medical Center in Springfield, Missouri, filed a petition under 28 U.S.C. § 2241 challenging his confinement. The district court[1] dismissed the petition and James appealed. We ordered briefing on whether James should have received a hearing before revocation of his parole on a District of Columbia conviction, and whether the United States Parole Commission (USPC) applied the correct parole guidelines. After careful review of the record, we affirm.

_____

[1]The HONORABLE SCOTT O. WRIGHT, United States District Judge for the Western District of Missouri.

We need not address the first issue because James acknowledges that he had a parole revocation hearing. Further, the USPC correctly applied its guidelines, as the District of Columbia no longer had separate parole guidelines at the time of James's revocation hearing. See D.C. Code Ann. § 24-131 (2001); Paroling, Recommitting, and Supervising Federal Prisoners, 63 Fed. Reg. 39,172, 39,172 (July 21, 1998). As to James's ex post facto claim, he failed to demonstrate that the parole guidelines that were applied to him created a sufficient risk of increasing the punishment attached to his original crimes. See Garner v. Jones, 529 U.S. 244, 251 (2000); Cal. Dep't of Corr. v. Morales, 514 U.S. 499, 508-09 (1995).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.